Argued July 21, decided August 18, rehearing denied October 6, 1908.

## RANKIN *v.* NOTTINGHAM.

[96 Pac. 1108.]

TRUSTS—ACTION FOR ACCOUNTING—EVIDENCE—FINDINGS OF REFEREE—
EXISTENCE OF TRUST.

In a suit for accounting for timber sold from land claimed to have been conveyed to defendant in trust for himself and plaintiff, the evidence examined, and *held* to sustain the findings that the land was conveyed to defendant for a valuable consideration and for his individual benefit.

From Multnomah: ARTHUR L. FRAZER, Judge.

This is a suit by M. B. Rankin against C. W. Nottingham for an accounting. From a decree in favor of defendant, plaintiff appeals.                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John H. Woodward.*

For respondent there was a brief and an oral argument by *Mr. Henry H. Northup.*

Opinion by MR. CHIEF JUSTICE BEAN.

This is a suit for accounting. In the spring of 1883, the plaintiff and defendant entered into a co-partnership under the firm name of the Tacoma Lime Company. On March 24th of the same year, the partnership contracted for the purchase of some timber land in the State of Washington, at the price of $3,500, paying $500 down, the balance to be paid on June 24th, and taking a bond for a deed from the vendor. In April the partners, together with one C. J. Reed, formed a corporation, under the name of the Tacoma Lime Company, with a capital stock of 300 shares, 150 of which were subscribed by the defendant, 149 by the plaintiff, and 1 by Reed. The corporation succeeded to the business and property of the partnership, and on May 3d paid the balance of the purchase price of the land referred to and received a deed therefor. On October 22d it conveyed the land to the defendant for the expressed consideration of $4,000, and on November 28th the plaintiff and his wife and

Reed and wife executed and delivered to the defendant a quitclaim deed for the same property. The defendant thereafter cut and disposed of timber from the land and afterwards sold the land itself.

In February, 1890, the plaintiff commenced this suit for an accounting for the timber so sold and the amount received for the land, alleging that the defendant held the title in trust for the original partners. The defendant denied the averments of the complaint and set up that the land in controversy was conveyed to him for a valuable consideration and for his individual benefit. The cause was referred to a referee to report the law and the facts, and on May 14, 1894, the referee made a report in favor of defendant and recommending a dismissal of the complaint. No further steps were taken in the case until February 8, 1906, when the defendant moved for a confirmation of the report and for a judgment for his costs and disbursements. The plaintiff thereupon filed exceptions to the report of the referee and objected to the consideration of the motion to confirm, on the ground that all the testimony taken by the referee was not reported to the court, and that by reason of the lapse of time the defendant should be barred from moving for a confirmation thereof. The exception and objection were overruled, the report of the referee confirmed, and a decree entered accordingly, from which the plaintiff appeals.

The question of laches is not urged on the appeal, but it is contended that all the testimony taken by the referee is not in the record, and that the findings of the referee are not supported by the evidence. The record discloses that one G. W. Heath was "recalled" as a witness for the plaintiff, and gave testimony tending to show the amount of timber taken by him from the land for the defendant. No testimony is reported as having been given by the witness when first called, but it does not appear that he testified at that time. Indeed, the ques-

tions and answers on his second examination indicate that he was not able, when first called, to give any accurate information as to the amount of timber taken from the land, because he did not have his memorandum book, and was excused from testifying for that reason, and it is reasonably certain that all the testimony given by him is in the record. The referee found the facts to be with the defendant, and we think his findings are fully supported by the evidence. The plaintiff testified that it was understood, at the time the land was conveyed to the defendant, that he should hold the title in trust for the members of the original partnership; but in this he is contradicted by the defendant and Reed, who was secretary and treasurer of the corporation, and who was a disinterested witness. One share of stock in the corporation stood in Reed's name, but he did not pay anything for it and had no substantial interest in the concern. Reed says that at the time the deed was made to the defendant there was no agreement or understanding that he should hold it in trust for himself and the plaintiff, but that plaintiff had previously withdrawn money from the corporation to invest in South Portland property, which it was agreed by all the stockholders should be charged to his private account, and, to reimburse the defendant therefor, the corporation should convey to him the land in controversy, which was done, accordingly.

Decree affirmed.                                    AFFIRMED.